FISK et al. v. MAHLER et al.

(Circuit Court, S. D. New York. March 21, 1892.)

PATENTS FOR INVENTIONS—INFRINGEMENT—ACCOUNTING—COSTS.

Where defendants' infringement of the patent sued on is plain, but they have denied the infringement until after the suit is brought, embodying a denial of infringement and of the validity of complainants' patent in their answer, they cannot defeat complainants' right to an accounting by offering then to pay royalty on a certain number of the patented articles, which they admit that they sold, and the costs of suit.

In Equity. Suit by Henry G. Fisk, Thomas R. Clark, and Thomas J. Flagg against Samuel Mahler and Louis Mahler for the infringement of a patent. Decree for complainants.

B. F. Watson, for complainants.
H. W. Grindall, for defendants.

WALLACE, Circuit Judge. There is nothing in this case to defeat the right of the complainants to the usual decree for an injunction and an accounting. It is entirely plain that the defendants have infringed the two patents in suit. The neck scarf sold by them in January, 1889, known as "Exhibit D," so plainly embodied the inventions claimed in the patents that expert evidence to establish identity is not necessary. The proofs show that they had quite a number of similar scarfs on hand before this suit was brought. If the defendants had not denied infringement before the suit was commenced, and had made an offer to pay complainants the established royalty for the use of the inventions, they might properly urge that they should not be subjected to the costs of the suit, and to the expense of an accounting. But they did not do this. They denied infringement until after the suit was brought. Then, after it was brought, in their answer, they denied the validity of the patents, and still denied infringement, although they inserted in their answer an offer to pay the royalty on a certain number of neck scarfs which they admitted having sold, together with the costs of the suit. There is no merit in the contention of the defendants that complainants have been guilty of laches. So far as appears, the complainants had no proof prior to January, 1889, that the defendants had sold more than a single one of the patented neck scarfs; and, if they had brought suit upon such a trival infringement, their suit would probably have been dismissed, with costs. There is enough in the proofs to suggest quite persuasively that the

defendants have infringed beyond the extent of the sales of the 18 dozen of neck scarfs purchased by them of Hellenberg & Lowenstein. If the complainants choose to take a decree upon the basis of the royalty upon the 18 dozen neck scarfs sold by the defendants, they are entitled to do so. But, if they prefer to go to an accounting, it is their right to do so. If it should turn out that the defendants have not sold any more than that number, the question will arise whether the costs of the accounting should not be imposed upon the complainants. The usual decree is ordered.